GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Assistant United States Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.santome@usdoj.gov
Attorneys for Plaintiff



FILED ___ RECEIVED ___ LODGED ___ COPY

MAR 0 7 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**REDACTED FOR**
**PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-00340-PHX-DJH (MTM) |
|---|---|
| Plaintiff, | |
| vs. | **INDICTMENT** |
| | VIO: 18 U.S.C. §§ 922(a)(6) and 924(a)(2) |
| Benny Joshua Moran, | (Material False Statement During the Purchase of a Firearm) Count 1 |
| Defendant. | |
| | 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm) Count 2 |
| | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES**:

## COUNT 1

On about June 22, 2020, in the District of Arizona, Defendant BENNY JOSHUA MORAN knowingly made a false statement and representation in connection with the acquisition of a firearm to Lone Wolf Trading Company, which were intended and likely to deceive this business as to a fact material to the lawfulness of a sale of a firearm by Lone Wolf Trading Company, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter

44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, in that Defendant BENNY JOSHUA MORAN did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating that he was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant BENNY JOSHUA MORAN knew that he was buying the firearm on behalf of another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 2

On or about June 22, 2020, in the District of Arizona, Defendant BENNY JOSHUA MORAN knowingly made false statements and representations to Lone Wolf Trading Company, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Lone Wolf Trading Company, in that Defendant BENNY JOSHUA MORAN did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating that Defendant BENNY JOSHUA MORAN resided at an address in Phoenix, Arizona, whereas in truth and fact, Defendant BENNY JOSHUA MORAN knew that he resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 and 2 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offense(s) alleged in Counts 1 and 2 of this Indictment, defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the offense, and (b) any of defendant's property used,

or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property defendant is liable, including, but not limited to, the following property involved and used in the offense:

(1)    a Glock, Model G44, .22LR Caliber Pistol, Serial Number: AEDV550.

If any of the above-described forfeitable property, as a result of any act or omission of defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*
FOREPERSON OF THE GRAND JURY
Date:  March 7, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*
ADDISON SANTOME
Assistant U.S. Attorney

- 3 -